United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| DONZELL FLIE, | Case No. 18-cv-05652-LB |
|---|---|
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| RAYMOND MADDEN, | Re: ECF No. 1 |
| Respondent. | |

**INTRODUCTION**

Donzell Flie, an inmate at Centinela State Prison in Imperial County, California, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Mr. Flie consented to proceed before a magistrate judge.[1] This order requires the respondent to respond to the petition.

---

[1] Consent Form – ECF No. 4. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 18-cv-05652-LB

## STATEMENT

Following a jury trial in Santa Clara County Superior Court, Mr. Flie was convicted of kidnapping to commit robbery and two counts of second-degree robbery.[2] He was sentenced to a total of 64 years to life in state prison.[3] After he was convicted, Mr. Flie filed a direct appeal to the California Court of Appeal, which affirmed his conviction on December 28, 2016.[4] On March 29, 2017, the Supreme Court of California denied Mr. Flie's petition for review,[5] and on October 2, 2017, the United States Supreme Court denied his petition for writ of certiorari.[6] He then filed this action.[7]

## ANALYSIS

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

In his federal petition, Mr. Flie asserts fifteen claims,[8] which appear to raise federal constitutional issues. Upon review of Mr. Flie's petition, the court cannot say that his claims are patently without merit. Respondent must respond to those claims.

---

[2] Petition for Writ of Habeas Corpus ("Petition") – ECF No. 1 at 10–11.

[3] *Id.* at 12.

[4] California Court of Appeal Decision – ECF No. 1-1 at 2–44.

[5] California Supreme Court Decision – ECF No. 1-1 at 48.

[6] United States Supreme Court Decision – ECF No. 1-1 at 50.

[7] Petition – ECF No. 1.

[8] *Id.* at 22–77.

**CONCLUSION**

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk will serve by mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk will also serve a copy of this order on Mr. Flie.

3. The clerk also will serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon the respondent and the respondent's attorney, the Attorney General of the State of California.

4. The respondent must file and serve upon the petitioner, on or before December 17, 2018, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

5. If Mr. Flie wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before January 16, 2019.

**IT IS SO ORDERED.**

Dated: October 17, 2018

LAUREL BEELER
United States Magistrate Judge